UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

RICKY A. STONECYPHER, )
)
    *Plaintiff*, )
) Case No. 2:11-cv-13
v. ) Judge Mattice
)
FINKELSTEIN KERN STEINBERG & )
CUNNINGHAM, Attorneys, )
)
    *Defendant*. )

**MEMORANDUM AND ORDER**

Before the Court is Defendant Finkelstein Kern Steinberg & Cunningham's Second Motion to Dismiss Plaintiff's Amended Complaint [Court Doc. 7]. Defendant seeks dismissal of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons discussed below, Defendant's Second Motion to Dismiss Plaintiff's Amended Complaint [Court Doc. 7] will be **DENIED**.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Ricky A. Stonecypher alleges in the First Amended Complaint that a credit card debt he owed to HSBC Bank Nevada, N.A. ("HSBC") was transferred to Defendant law firm for collection. (Court Doc. 3, First Am. Compl. ¶¶ 6-7.) On or about January 11, 2010, Defendant sent Plaintiff a collection letter which Plaintiff alleges was an "initial communication" under the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* ¶¶ 8-10.) The letter stated that Plaintiff owed a debt of $1,622.42. (*Id.* ¶ 11.) Defendant sent another letter to Plaintiff dated July 9, 2010, which Plaintiff alleges was a subsequent communication to collect the debt, and also stated a balance of $1,622.42. (*Id.* ¶¶ 12-15.)

Attached to the July 9, 2010 letter were two monthly statements from HSBC, dated September and October 2008, which stated two different amounts of debt – $1,707.18 and $1,749.77 – and showed that the balance was incurring interest at a rate of 29.99%. (*Id.* ¶¶ 16-18.) Plaintiff alleges that these two letters violated the FDCPA by failing to provide Plaintiff with an accurate statement as to the amount of debt owed and failing to send Plaintiff a statutorily required disclosure of the debt within five days after the initial communication. (*Id.* ¶¶ 19-22.) Plaintiff further alleges that Defendant filed a Civil Warrant in the General Sessions Court of Washington County, Tennessee and served the Civil Warrant on Plaintiff. (*Id.* ¶ 25.) The Civil Warrant stated that the amount of debt due was $1,622.42 plus interest at a contract rate of 10%, applicable attorneys fees if provided by contract, and court costs. (*Id.* ¶ 28.) Plaintiff claims that the Civil Warrant was another communication under the FDCPA and that it was deceptive for Defendant to file a Civil Warrant with such language because Defendant did not know if attorneys fees would be recoverable by contract. (*Id.* ¶¶ 26, 29-31, 35-37.) Plaintiff asserts one count against Defendant for violations of the FDCPA. (*Id.* ¶¶ 48-50.)

**II.    STANDARD OF REVIEW**

As a preliminary matter, the Court notes that Plaintiff has attached two exhibits - the Civil Warrant and accompanying Affidavit - to his Response. (Court Doc. 8-1.) When one or both parties present matters outside the pleadings in conjunction with a Rule 12(b)(6) motion, Rule 12(d) states that the motion must be converted to a motion for summary judgment. The United States Court of Appeals for the Sixth Circuit has stated that the Court may, at its discretion, either consider these matters and convert the motion to one

for summary judgment or exclude the extra-pleading materials and apply the standard set forth in Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b); *Shelby County Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000); *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993); *see also Batt v. United States*, 976 F. Supp. 1095, 1096-97 (N.D. Ohio 1997) ("The decision to exclude material outside the pleadings is entirely within the discretion of the trial court.").

In the instant case, the exhibits are vital to Plaintiff's argument against dismissal, but conversion to a motion for summary judgment would be inappropriate and premature because little or no discovery has taken place so as to allow the parties to argue, and the Court to determine, whether a genuine issue of material fact exists. *See Equal Justice Found. v. Deutsche Bank Trust Co. Ams.*, 412 F. Supp. 2d 790, 799-800 (S.D. Ohio 2005); *Black v. Franklin Cnty.*, No. Civ.A. 3:05-18-JMH, 2005 WL 1993445, at *3 (E.D. Ky. Aug. 16, 2005). The Court instead finds that the materials submitted by Plaintiff could be considered as incorporated by reference into the Complaint, such that they are a part of the pleadings. *See Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997). The Court will therefore apply the 12(b)(6) standard to Defendant's Motion.

Federal Rule of Civil Procedure 12(b)(6) provides an affirmative defense for a party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This defense arises in the context of a motion to dismiss, where the movant challenges the sufficiency of claims set forth in a complaint. In *Ashcroft v. Iqbal*, the Supreme Court of the United States expanded on the holding in *Bell Atl. Corp. v. Twombly* by stating that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief

that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court clarified this statement by outlining the two "working principles" governing a motion to dismiss. *Id*. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Instead, a court considering a motion to dismiss should only accept that all factual allegations are true. Accordingly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

The second principle outlined in *Iqbal* is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail but whether there is "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

Defendant argues that Plaintiff's Amended Complaint fails to state a claim for which relief may be granted for several reasons. First, Defendant asserts that Plaintiff's first

claim is time barred because it alleges that Defendant violated the FDCPA on January 11, 2010, but Plaintiff did not file this lawsuit until January 13, 2011, two days outside the applicable one year statute of limitations. (Court Doc. 7, Def.'s Second Mot. to Dismiss Pl.'s Am. Compl. at 1-2.) Defendant claims that the statute of limitations begins running when the alleged violation occurs – i.e., the date on the letter – and not when the violation is discovered – i.e., when Plaintiff received the letter. (*Id.* at 2.)

Second, Defendant argues that even if Plaintiff's claim is not time barred, it should be dismissed because Defendant's letter contained all the statutory elements required by the FDCPA. (Def.'s Mot. at 2-3.) Defendant contends that because the "initial communication" of January 11, 2010 contained all the necessary information, including the accurate amount of debt, it did not need to send another communication to disclose the debt. (*Id.*) Defendant also argues that although Plaintiff claims that Defendant did not correctly state the debt, there is no violation of the FDCPA because HSBC chose to pursue the claim against Plaintiff for a lower amount than it was entitled to recover. (*Id.* at 3.) Defendant asserts that it consistently quoted the debt amount of $1,622.42 in all communications with Plaintiff and that these communications were not fraudulent or false. (*Id.*)

Finally, Defendant argues that the filing of the Civil Warrant against Plaintiff was not a false, deceptive or misleading act in contravention of the FDCPA. (Def's. Mot. at 4.) Defendant asserts that a complaint filed in general sessions court need not contain any written attachments to conform to law, and that any absence of the written contract would not preclude HSBC from applicable remedies in general sessions court because Defendant

can produce the contract at a later date. (*Id.* at 4-5.) Defendant asserts that the warrant was a proper way to take legal action to collect on the debt because it complied with the credit card agreement and applicable law. (*Id.* at 5.) Moreover, Defendant claims that what it knew or should have known about the debt and whether it had procedures in place to avoid misrepresenting the debt is irrelevant because of the FDCPA's strict liability standard – the only test is whether a violation occurred. (*Id.* at 5-6.) Defendant argues that Plaintiff has failed to establish any violation because he cannot show that the request for attorneys fees was impermissible and because Plaintiff himself was not misled about his liability because of the language about attorneys fees. (*Id.* at 6.) Finally, Defendant alleges that the statement in the Civil Warrant was merely general language intended to preserve HSBC's legal rights and would not constitute a violation of the FDCPA. (*Id.* at 6-7.)

Plaintiff first argues that the statute of limitations begins to run as of the conclusion of the five day period after the initial communication, but Plaintiff concedes any claim for a violation arising from the January 11, 2010 letter. (Court Doc. 8, Pl.'s Resp. in Opp. to Def.'s Second Mot. to Dismiss Pl.'s First Am. Compl. at 8-10.) Instead, Plaintiff asserts that he is asserting a claim for a violation of the FDCPA based on Defendant's failure to send another communication disclosing the debt within five days after the initial communication, which would extend the occurrence of a violation – and the beginning of the statute of limitations period – to January 16, 2010. (*Id.* at 10.) Plaintiff next argues that he has adequately pled enough facts to establish a plausible claim for an FDCPA violation, such that dismissal pursuant to Fed. R. Civ. P. 12(b)(6) would be inappropriate. (*Id.* at 14.)

Essentially, Plaintiff asserts that he has sufficiently alleged facts which establish that Defendant failed to communicate an accurate statement of the debt within five days after the January 11, 2010 letter and that Defendant's other communications – the letter of July 9, 2010 and the Civil Warrant – were misleading in several ways because they were confusing about the amount of the debt, quoted different interest rates, which would affect the amount of the debt, and referenced possible attorneys fees without appropriate contractual support, which would also affect the amount of the debt. (*Id.* at 17-19.) Plaintiff alleges that Defendant failed to accurately state the amount of debt in the January 11, 2010 communication because it intended to collect interest and attorneys fees on top of the stated balance but did not disclose these additional fees appropriately. (*Id* at 18-19.)

Plaintiff further argues that he has sufficiently alleged a violation of the FDCPA as it pertains to the Civil Warrant because the reference to attorneys fees permitted by contract in the Civil Warrant and Affidavit was false, deceptive and misleading to the least sophisticated consumer. (Pl.'s Resp. at 20-22.) Plaintiff asserts that Defendant could have easily discovered whether attorneys fees were allowed before including that language and that Defendant's failure to investigate this legal question and include the language with a good faith belief that attorneys fees had been incurred constitutes a violation of the FDCPA. (*Id* at 22-24.)

For the purposes of this Motion, and because there appears to be no dispute, the Court will accept that Defendant is a debt collector as defined by the FDCPA, that Plaintiff is a consumer under the FDCPA, and that the referenced debt is a consumer debt. Therefore, the dispute in this case, at bottom, concerns the sufficiency of the amount of debt listed on Defendant's communications to Plaintiff. The section of the FDCPA

-7-

Case 2:11-cv-00013   Document 10   Filed 08/09/11   Page 7 of 12   PageID #: 90

governing notification of the debt reads, in part, as follows:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Plaintiff alleges that Defendant violated this section with the communication of January 11, 2010 because Defendant failed to indicate that interest was accruing and failed to clarify the amount of debt within five days after the initial communication, and also asserts a violation of § 1692e(2)(A) as to the Civil Warrant, which prohibits debt collectors from making false representations as to "the character, amount, or legal status of any debt."

The Court has before it the following: an initial communication of January 11, 2010

-8-

Case 2:11-cv-00013   Document 10   Filed 08/09/11   Page 8 of 12   PageID #: 91

which states that the balance due is $1,622.42; another communication of July 9, 2010 which again states that the balance due is $1,622.42, but includes two attached credit card statements dated September 3, 2008 and October 3, 2008 which state balances of $1,707.18 and $1,749.77, respectively, and indicate that interest is accruing at a rate of 29.99%; and a Civil Warrant which appears to be dated August 9, 2010 and reads that Plaintiff is summoned "for goods, services, arbitration award, or monies advanced or loaned to Defendants for which payment has not been received as evidenced by the sworn account attached hereto in the sum of $1,622.42 plus interest at rate [sic] of 10% APR, attorneys fees if provided by contract, & the costs of this action." (Court Docs. 3-1, 3-2 & 8-1.)

Based on this documentation and the facts asserted in Plaintiff's Amended Complaint, the Court concludes that Plaintiff has adequately asserted claims against Defendant for violations of the FDCPA. The Court must use the "least sophisticated consumer" standard to determine whether a debt collector has used deceptive or misleading language. *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011) (citation omitted). "The test is objective, and asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Id.* (citing *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir.2009)). As to Plaintiff's claim that Defendant violated the FDCPA by failing to send a communication correctly stating the amount of debt within five days after the letter of January 11, 2010, the Court finds that Plaintiff has successfully asserted facts to support the allegation that Defendant violated 15 U.S.C. § 1692g(a)(1). As evidenced by later communications from Defendant, the letter of January

11, 2010 did not correctly state the amount of the debt because it failed to indicate that interest was accruing and the applicable interest rate; therefore, Plaintiff has adequately alleged Defendant's stated balance of $1,622.42 was not accurate and had to be accurately stated within five days from the January 11, 2010 letter.[1] As it was not, Plaintiff has adequately alleged facts in the Amended Complaint supporting a claim for a violation of 15 U.S.C. § 1692g(a)(1).

---

[1] Defendant argues against the application of the United States Court of Appeals for the Seventh Circuit case *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000) cited by Plaintiff and asserts that the FDCPA does not require the amount of debt to include interest accruing. In fact, however, many courts have followed *Miller* to hold that the "amount of debt" requirement in 15 U.S.C. § 1692g(a)(1) requires the debt collector to list the principal balance, indicate specifics about any interest that may be accruing, and include other fees that may be associated with the debt. *See, e.g.*, *Jones v. Midland Funding, LLC*, 755 F. Supp.2d 393, 396-97 (D. Conn. 2010) (violation of the FDCPA when the letter stated the current balance as of the date of the letter, but did not indicate that interest was accruing), *Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp.2d 1164, 1169 (S.D. Cal. 2010) (violation of the FDCPA when the letter stated a specific amount for the principal balance but only referenced "interest at the legal rate" and "court costs" without specific amounts), *Dragon v. I.C. System, Inc.*, 483 F. Supp.2d 198, 202-03 (D. Conn. 2007) (FDCPA violated when the letter stated the amount due as a sum certain without acknowledging that it might vary due to interest charges assessed on a periodic basis), *Dupuy v. Weltman, Wienberg & Reis*, 442 F. Supp.2d 822 (N.D. Cal. 2006) (statement that interest may be accruing in the second letter contradicted the balance listed on the first communication and could be a violation of § 1692g(a)(1)), *Wilkerson v. Bowman*, 200 F.R.D. 605 (N.D. Ill. 2001) (FDCPA was violated when the amount of debt was impossible to determine from the letter, given that it referenced late charges, attorney fees, 20% interest per annum, and a possible rebate without any specific amounts).

The *Miller* court fashioned an example of a statement which would fully satisfy the "amount of debt" requirement, which reads:

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number].

*Miller*, 214 F.3d at 876. Defendant's initial communication to Plaintiff includes no information about interest, attorneys fees, court costs, or the like. If the Court follows the approach taken by the above cases, this did not satisfy the "amount of debt" requirement and Defendant was required to follow this initial communication with a communication clarifying the debt within five days.

The Court further finds that Plaintiff has asserted sufficient facts to make out a possible claim for a violation of the FDCPA based on 15 U.S.C. § 1692e(2)(A). Plaintiff received a letter dated July 9, 2010 which stated a balance of $1,622.42 but had two credit card statements attached reflecting higher balances. There is no indication as to how Defendant reached the balance indicated on the letter when Plaintiff's balance as of the September 3, 2008 statement was $1,707.18 and the balance was accruing interest at a rate of 29.99%. At that balance, the interest charge was over $40 each statement period. Plaintiff next received the Civil Warrant, which stated the same balance, but included language about the balance accruing interest at a 10% interest rate, attorneys fees, and costs. The 10% interest rate is different from the statements attached to the July 9, 2010 letter, and this was the first indication in any communication that Defendant sought attorneys fees and costs.

As Plaintiff points out in his Response, Defendant used this language without knowledge of what the contract provided and without knowledge that HSBC had incurred any attorneys fees. Although the Court acknowledges Defendant's argument that this is standard language to protect their rights to collect fees and costs, the Court finds that Defendant's failure to reference an interest rate, attorneys fees, or costs in any prior communication is sufficient for the Court to conclude that Plaintiff has alleged a possible claim that Defendant's use of this language was false, deceptive or misleading as to the amount of the debt. As such, Plaintiff has successfully alleged that Defendant may be liable for a violation of 15 U.S.C. § 1692e(2)(A).

Defendant represents that it did not incorrectly state the amount of the debt because HSBC simply intended to collect a lower amount than the amount of debt actually owed to

it and a lower amount of interest than that permitted by contract, but the attached credit card statements and the language in the Civil Warrant cast doubt on this assertion. At any rate, the language in the Civil Warrant reflecting the possibility of attorneys fees and costs, and indicating a different interest rate, would still be misleading to the least sophisticated consumer when considered in context with Defendant's prior communications. The fact that Defendant consistently listed the amount of the debt as $1,622.42 on these communications does not detract from the misleading nature of the communications. Finally, Defendant's argument that there can be no violation because Plaintiff himself was not misled is of no consequence, as the Court has already stated that it must review these allegations pursuant to the "least sophisticated consumer" standard – not based on what Plaintiff knew or believed.

Accordingly, the Court concludes that Plaintiff's Amended Complaint alleges a possible claim for which relief may be granted and that Defendant's Second Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is not well taken.

## IV. CONCLUSION

Based on the above, the Court **ORDERS** that Defendant's Second Motion to Dismiss Plaintiff's Amended Complaint [Court Doc. 7] is **DENIED**.

**SO ORDERED** this 9th day of August, 2011.

                                            */s/Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE